RE: CLARIFICATION OF INFORMAL OPINION REGARDING DUAL OFFICE HOLDING
THANK YOU FOR YOUR LETTER OF OCTOBER 30, 1991, ASKING FOR CLARIFICATION OF A PRIOR INFORMAL OPINION OF THIS OFFICE. AS I UNDERSTAND YOUR REQUEST, YOU WANT CLARIFIED AN INFORMAL OPINION RELEASED AUGUST 6, 1991 BY GLEN D. HAMMONDS OF THIS OFFICE, IN WHICH HE STATED THAT THE POSITION OF MUNICIPAL ATTORNEY UNDER MOST CIRCUMSTANCES IS AN "OFFICE" WITHIN THE PURVIEW OF 51 O.S. 6 (1990). (CITY ATTORNEY)
SPECIFICALLY, YOU WANT US TO ADDRESS WHETHER THE PROVISIONS OF 51 O.S. 6 WOULD APPLY IN ALL CIRCUMSTANCES TO MUNICIPAL ATTORNEYS. IN VIEW OF THE CIRCUMSTANCES SURROUNDING YOUR REQUEST TO CLARIFY AN INFORMAL OPINION, A FORMAL OPINION IS NOT NECESSARY.
THE SHORT ANSWER IS THAT THERE ARE CERTAINLY CIRCUMSTANCES WHEN A MUNICIPAL ATTORNEY IS NOT AN "OFFICER" FOR PURPOSES OF 51 O.S. 6 (1990). SPECIFICALLY, IT IS THIS WRITER'S OPINION THAT AN ATTORNEY WHO REPRESENTS A MUNICIPALITY IS NOT A PUBLIC OFFICER WHEN THE MUNICIPALITY DETERMINES THAT THE REPRESENTATION IS ESSENTIALLY "PART-TIME," AS A PART OF THE ATTORNEY'S PRIVATE PRACTICE; DOES NOT REQUIRE THE ATTORNEY TO TAKE AN OATH OF OFFICE; DOES NOT REQUIRE THE ATTORNEY TO OFFICE IN CITY FACILITIES; AND DOES NOT RE QUIRE THE ATTORNEY TO BE A RESIDENT OF THE MUNICIPALITY. I BASE THIS ANSWER ON STATUTES REVEALING THE GENERAL INTENT OF THE LEGISLATURE AND OKLAHOMA CASELAW INTERPRETING CITY CHARTERS.
THE LOGICAL STARTING PLACE IS TO DETERMINE WHAT THE INTENT OF THE LEGISLATURE WAS WHEN IT ESTABLISHED CERTAIN REQUIREMENTS FOR PUBLIC OFFICERS. FOR EXAMPLE, PUBLIC OFFICERS ARE REQUIRED TO RESIDE WHERE THEIR DUTIES ARE TO BE PERFORMED. 51 O.S. 8 (1981). THEY MUST KEEP THEIR RECORDS, BOOKS, PAPERS, AND OTHER PUBLIC PROPERTY AT A PLACE REQUIRED BY LAW. 51 O.S. 7 (1981). EVERY PUBLIC OFFICER MUST TAKE AN OATH OF OFFICE. 51 O.S. 2 (1981).
THE NEXT STEP IS TO DETERMINE WHAT THE LEGISLATURE INTENDED WHEN IT ENACTED STATUTES DEALING WITH MUNICIPALITIES AND PUBLIC OFFICES. THE LEGISLATURE EXPLICITLY INTENDED THAT EVERY INCORPORATED MUNICIPALITY IS A CORPORATE AND POLITICAL BODY, AND HAS THE POWER TO SUE AND BE SUED, AND MAKE ALL CONTRACTS NECESSARY FOR THE AFFAIRS OF THE MUNICIPALITY. 11 O.S. 22-101(1)/11 O.S. 22-101(4) (1981). EITHER IMPLICIT OR EXPLICIT IN THAT GRANT OF POWER IS THE IDEA THAT EACH MUNICIPALITY MUST HAVE AN ATTORNEY. SEE, 11 O.S. 9-105(1) (1984); 11 O.S. 12-106/11 O.S. 12-112 (1981). IN AT LEAST TWO FORMS OF MUNICIPAL GOVERNMENT, A "DEPARTMENT OF LAW HEADED BY A CITY ATTORNEY" IS AN EXPLICIT REQUIREMENT. 11 O.S. 10-119 (1981) (COUNCIL-MANAGER FORM); 11 O.S. 11-117 (1981) (STRONG MAYOR-COUNCIL FORM).
IN SMALL TOWNS, HOWEVER, THE LEGAL REQUIREMENT OF A CITY ATTORNEY OFTEN COMES INTO DIRECT CONFLICT WITH ECONOMIC REALITIES. MOST, IF NOT ALL, SMALL TOWNS CANNOT AFFORD TO HIRE A STAFF ATTORNEY. AS YOU NOTED IN YOUR LETTER, THIS IS DRAMATIZED BY A RECENT STUDY BY THE OKLAHOMA ASSOCIATION OF MUNICIPAL ATTORNEYS SHOWING THAT 68 ATTORNEYS REPRESENT TWO OR MORE MUNICIPALITIES; 179 SUCH OKLAHOMA CITIES OR TOWNS ARE SO AFFECTED. AN ARGUMENT CAN BE MADE THAT IT WAS THIS CLASH OF LEGAL AND ECONOMIC REALITIES THAT LED TO THE AMENDMENT OF 11 O.S. 27-108 (1981), GIVING MUNICIPALITIES THE OPTION OF LETTING EITHER THE MUNICIPAL ATTORNEY OR, BY IMPLICATION, ANOTHER ATTORNEY PROSECUTE VIOLATIONS OF MUNICIPAL ORDINANCES. CF. 11 O.S. 27-108 (1981) AND 11 O.S. 27-108 (1984) (CHANGING "SHALL" TO "MAY").
WHEN ONE COMBINES THE ABOVE OBSERVATIONS WITH THE LACK OF SPECIFIC DICTATES GOVERNING THE EMPLOYMENT OF A MUNICIPAL ATTORNEY, I BELIEVE IT IS SAFE TO SAY THAT THE LEGISLATURE INTENDED EACH SMALL CITY OR TOWN TO FULFILL THE LEGAL REQUIREMENTS FOR AN ATTORNEY IN A MANNER CONSISTENT WITH THAT TOWN'S RESOURCES AND NOT INCONSISTENT WITH THE LAW. UNDER THE LAW, A PUBLIC OFFICER IS REQUIRED TO TAKE AN OATH, MAINTAIN A PUBLIC OFFICE WHERE PUBLIC DOCUMENTS CAN BE ACCESSED, AND RESIDE IN THE MUNICIPALITY. ALSO UNDER THE LAW, THE MUNICIPALITY IS REQUIRED TO HAVE AN ATTORNEY. THAT DOES NOT MEAN, HOWEVER, THAT EACH TOWN IS REQUIRED TO HAVE AN ATTORNEY AS A PUBLIC OFFICER.
CASES FROM THE OKLAHOMA SUPREME COURT TEND TO BOLSTER THIS VIEW. IN SITUATIONS WHERE THE SCOPE OF AN ATTORNEY AS EMPLOYEE WAS AT ISSUE, THE COURT INVARIABLY TURNED TO THE CITY'S CHARTER IN DETERMINING THE STATUS OF THE PARTICULAR EMPLOYEE. SEE, CITY OF TULSA V. OKLAHOMA STATE PENSION AND RETIREMENT BOARD, 674 P.2D 10 (OKL.1983); OKLAHOMA RAILWAY CO. V. BOYD, 282 P. 157 (OKL.1929); OKLAHOMA CITY V. MCWILLIAMS, 236 P. 417 (OKL.1925). THIS VIEW IS CONSISTENT WITH THE STATUTE DEALING WITH CONFLICTS BETWEEN CITY CHARTERS AND GENERAL MUNICIPAL LAWS. SEE, 11 O.S. 13-109 (1981) (PROVISIONS IN A SPECIFIC CHARTER CONTROL OVER GENERAL LAWS GOVERNING MUNICIPALITIES).
THIS VIEW — THAT WHETHER AN ATTORNEY IS AN "OFFICER" UNDER 51 O.S. 6 IS A QUESTION OF FACT TO BE OBTAINED FROM AN EXAMINATION OF THE MUNICIPALITY'S INTENT AND ITS CHARTER — IS CONSISTENT WITH PREVIOUS OPINIONS OF THE ATTORNEY GENERAL. OPINION 70-204 NOTED THAT "THE MERE FACT A LAWYER IN THE COURSE OF HIS PRIVATE PRACTICE REPRESENTS A CLIENT WHOSE CLAIM CONCERNS THE PUBLIC INTEREST, DOES NOT CONSTITUTE THE LAWYER A 'PUBLIC OFFICER.'" (CITING POWERS V. WELLS, 150 KAN. 630, 95 P.2D 281 (1939)). SEE ALSO, FARLEY V. BOARD OF EDUCATION OF CITY OF PERRY, 162 P. 797, 799 (OKL.1917), WHERE THE SUPREME COURT SAID:
 AN OFFICE IS A PUBLIC CHARGE OR EMPLOYMENT, BUT NOT EVERY EMPLOYMENT IS AN OFFICE. THE DUTIES OF AN OFFICER ARE FIXED BY LAW, AND AN EMPLOYMENT ARISING OUT OF A CONTRACT, WHEREBY THE PERSON EMPLOYED ACTS UNDER THE DIRECTION OR CONTROL OF OTHERS, AND WHICH EMPLOYMENT DEPENDS FOR ITS DURATION AND EXTENT UPON THE TERMS OF SUCH CONTACT, IS NOT AN OFFICE.
ONE LAST NOTE IN PASSING. A FEDERAL COURT OF APPEALS HAD OCCASION TO ADDRESS THE QUESTION WHETHER AN ATTORNEY WHO WORKED FOR TWO TOWNSHIPS AND EIGHT BURROWS IN NEW JERSEY WAS AN OFFICER OR AN INDEPENDENT CONTRACTOR FOR INCOME TAX PURPOSES. IN DETERMINING THAT THE ATTORNEY WAS AN INDEPENDENT CONTRACTOR AND NOT AN OFFICER, THE COURT LOOKED AT SUCH THINGS AS THE ATTORNEY'S FAILURE TO TAKE AN OATH OF OFFICE AS REQUIRED BY THE TOWNSHIPS; THE FACT THAT THE ATTORNEY TOOK A RETAINER FOR ROUTINE MATTERS PLUS A FEE FOR ADDITIONAL TIME SPENT ON TOWNSHIPS' BUSINESS; AND THAT HE MAINTAINED HIS OWN OFFICE AND CONTINUED WITH HIS PRIVATE PRACTICE. EWART V. COMMISSIONER OF INTERNAL REVENUE, 98 F.2D 649, 650 (3RD CIR. 1938). THOUGH THE ISSUE BEFORE THE COURT WAS DIFFERENT, THE RATIONALE OF THE CASE IS PERSUASIVE.
THEREFORE, IN SUMMARY: WHETHER AN ATTORNEY ACTING AS A CITY ATTORNEY IS A "PUBLIC OFFICER" UNDER 51 O.S. 6 IS A QUESTION OF FACT DETERMINED BY MANY CIRCUMSTANCES, INCLUDING HOW THE MUNICIPALITY AND THE ATTORNEY VIEW THEIR BUSINESS RELATIONSHIP. HOWEVER, I AM OF THE OPINION THAT AS A GENERAL RULE, AN ATTORNEY WHO REPRESENTS A MUNICIPALITY IS NOT A PUBLIC OFFICER WHEN THE MUNICIPALITY DETERMINES THAT THE REPRESENTATION IS ESSENTIALLY "PART-TIME," AS A PART OF THE ATTORNEY'S PRIVATE PRACTICE; DOES NOT REQUIRE THE ATTORNEY TO TAKE AN OATH OF OFFICE; DOES NOT REQUIRE THE ATTORNEY TO OFFICE IN CITY FACILITIES; AND DOES NOT REQUIRE THE ATTORNEY TO BE A RESIDENT OF THE MUNICIPALITY.
(DAN CONNALLY)